Matthew Swanlund (CSB No. 204542)
matthew@aestheticlegal.com
**AESTHETIC LEGAL, A.P.L.C.**
8055 W Manchester Ave, Suite 310
Playa del Rey, CA 90293
Telephone: (310) 301-4545

Attorney for Plaintiff
ENL Enterprises LLC,
a California limited liability company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENL Enterprises LLC,<br>a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ZENITH RUGS, LLC, a California limited liability company, RVD, LLC, a California limited liability company, d/b/a RODRIGO VARGAS DESIGN,  and DOES 1 through 20, inclusive;<br><br>Defendants, | Case No.  2:21-cv-08740<br><br>**COMPLAINT FOR:**<br><br>**(1) COPYRIGHT INFRINGEMENT;**<br><br>**(2) STATUTORY UNFAIR COMPETITION;**<br><br>**(3) COMMON LAW UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff ENL Enterprises LLC ("Plaintiff" or "ENL") hereby complains of Defendant Zenith Rugs, LLC ("Zenith"), and RVD, LLC, d/b/a Rodrigo Vargas Designs ("RVD") (Zenith and RVD are collectively, "Defendant"), and alleges as follows:

## JURISDICTION AND VENUE

1.      This is an action for (1) direct, contributory, and vicarious copyright infringement under 17 U.S.C. §501 *et seq*.; (2) statutory unfair competition under California Business & Professions Code §17200 *et seq*.; and (3) California common law unfair competition.

2.      The Court has original subject matter jurisdiction over the copyright infringement claim under 17 U.S.C. §§ 501 et seq. The Court also has original subject matter jurisdiction over those claims pursuant to 28 U.S.C. §§ 1331 and 1338, as the claims arise under the laws of the United States. The Court has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367(a) over the claims which arise under state statutory and common law, because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3.      This Court has personal jurisdiction over Defendant because they respectively have a continuous, systematic, and substantial presence within California, including within this Judicial District. Defendant has their respective principal place of business in California and regularly conducts business within California, including in this Judicial District. In addition, Defendant has committed acts of copyright infringement, and unfair competition in California and in this Judicial District, including, but not limited to, using infringing designs in connection with the sale and offering for sale of products to customers in California and in this Judicial District, and Defendant's acts form a substantial part of the events or omissions giving rise to Plaintiff's claims.

4.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) at

1
COMPLAINT

least because a substantial portion of the events complained of herein took place in this Judicial District.

## THE PARTIES

5.     Plaintiff is a limited liability company organized and existing under the laws of the State of California, having a principal place of business at 3717 W Jefferson Blvd, Los Angeles, Los Angeles County, California 90016.

6.     Upon information and belief, Zenith is a California limited liability company having a principal place of business at 1539 Sawtelle Blvd, Suite 6, Los Angeles, Los Angeles County, CA 90025.

7.     Upon information and belief, RVD is a California limited liability company having a principal place of business at 7269 Melrose Ave, Los Angeles, Los Angeles County, CA 90046.

8.     Plaintiff is unaware of the true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as Does 1 through 20, inclusive, and therefore sue said Defendants by such fictitious names. Plaintiffs will seek leave of the Court to amend this Complaint to allege the true names and capacities of said fictitiously named Defendants when the same have been ascertained.

## PLAINTIFF'S INTELLECTUAL PROPERTY

9.     Plaintiff is a luxury rug designer, distributor and retailer and has been engaged in the design, creation, and sale of luxury rugs since 2011. Plaintiff's luxury rugs are both handknotted in Nepal and handtufted in Thailand by skilled artisans, and use a variety of materials, including wool, silk, nylon, bamboo silk, nettle, cactus, mohair, alpaca and cashmere.

10.     Plaintiff is the copyright owner of an original work of art titled "Masar" (the "Masar Rug Design"):

1
2
3
4
5
6
7
8
9
10



11.    Since at least as early as January of 2020, Plaintiff has used the Masar Rug Design to create luxury rugs which are offered for sale on Plaintiff's website:



12.    Plaintiff is the owner of all right, title and interest in and to the copyright for the Masar Rug Design.

3
COMPLAINT

13.     The Masar Rug Design has been registered with the U.S. Copyright Office since January 2, 2020, as Registration No. VA0002194689. Attached hereto as Exhibit A is a true and correct copy of the Copyright registration for the Masar Rug Design.

14.     Plaintiff's outside sales representative personally delivered samples of various rug designs to RVD on multiple occasions with the intent of selling full-size versions of the designs to RVD for various projects.

15.     On June 25, 2020, RVD's employee, Brigitte Dardashty, requested and was provided with a 2' by 3' sample of the Masar Rug Design by Plaintiff. Plaintiff's sample of the Masar Rug Design was made of wool and silk, and constructed in a handtufted weave construction method. As is customary, RVD retained these samples in RVD's sample library, which Plaintiff's sales representative refreshed each time she visited RVD's offices.

## DEFENDANT'S INFRINGING ACTIVITIES

16.     Around June, 2021 during a visit of RVD's offices, Plaintiff's sales representative discovered another rug sample of the Masar Rug Design in a different colorway (the "Infringing Rug Design"). The Infringing Rug Design sample was labeled as being created by Zenith for a client project entitled "Braddock," and was made from wool and shiny nylon material.

 

4
COMPLAINT

17.     Around August, 2021 Plaintiff discovered an image of the Infringing Rug Design on Zenith's website:



and in Zenith's marketing and advertising materials:







5

COMPLAINT

and upon further investigation Plaintiff was able to determine that Defendant created and successfully sold at least one (1) full-size rug order of the Infringing Rug Design, as installed at its location: "Platform," a multi-family residential project in Alexandria, VA:



18.     Platform Alexandria has used the Masar Rug Design in online marketing, advertisements and promotions of its business, most recently in Instagram posts on October 31, 2021:



6

COMPLAINT

19.     Plaintiff conducted an overlay review of the Masar Rug Design and the Infringing Rug Design and determined that they are nearly identical designs:



Overlay of RVD Rendering and
Erik Lindstrom's Masar Rug (White/Gold)
Note: RVD Rug was cropped but portion has been
in exact line weight and pattern as Masar.

20.     Plaintiff was not paid by Defendant for any such sales of the Infringing Rug Design.

21.     Upon information and belief, Defendant elected to manufacture and sell a lower-priced infringing copy of the Masar Rug Design instead of purchasing the higher-priced luxury Masar Rug Design from Plaintiff.

22.     Without permission or consent from Plaintiff, RVD continues to market, offer for sale, sell, create, manufacture, and/or ship to consumers rug designs that are nearly identical to or substantially similar to the Masar Rug Design.

23.     Without permission or consent from Plaintiff, Zenith continues to market, offer for sale, sell, create, manufacture, and/or ship to consumers rug designs that are nearly identical to or substantially similar to the Masar Rug Design.

24.     Zenith owns and operates a commercial website which displays, distributes and reproduces the Infringing Rug Design, all without permission or authorization from

7
COMPLAINT

Plaintiff.

25.    Zenith is directly involved in the manufacture and sale of the Infringing Rug Design and has direct control over and specific knowledge of the Infringing Rug Design advertised or sold.

26.    Zenith has supervisory power over its website because, for example, Zenith can remove products from its website.

27.    Defendant has offered for sale, sold, manufactured, and/or shipped the Infringing Rug Design to customers in California, including to customers in this Judicial District. Upon information and belief, Defendant also has made or directed the manufacture of the Infringing Rug Design in this Judicial District.

28.    Defendant has directly profited from the marketing, sale, manufacturing and distribution of the Infringing Rug Design.

29.    Upon information and belief, Defendant has specific knowledge of the Infringing Rug Design sold, at least because of Defendant's intimate involvement in the marketing, offering for sale, selling, producing, and/or shipping of the Infringing Rug Design, and other customer support provided by Defendant relating to the Infringing Rug Design.

30.    Upon information and belief, RVD knew of the Plaintiff's rights in the Masar Rug Design when RVD began marketing, offering for sale, selling, creating, and/or distributing the Infringing Rug Design.

31.    Defendant's acts complained of herein have been willful and deliberate. Defendant has intentionally diverted a sale of Plaintiff's luxury rugs to a less expensive, lower quality product, and has attempted to damage Plaintiff's valuable reputation and customer goodwill in Plaintiff's luxury goods by preventing Plaintiff from selling its goods. Defendant's actions alleged herein are intended to cause confusion, mistake, or deception as to the source of the Infringing Rug Design.

32.     By virtue of the acts complained of herein, Defendant has eliminated actual and potential sales of the Masar Rug Design, created a likelihood of injury to Plaintiff's business reputation and goodwill, caused a likelihood of consumer confusion, mistake, and deception as to the source of origin of the Infringing Rug Design, and has otherwise competed unfairly with Plaintiff.

33.     Defendant's acts complained of herein have caused damage to Plaintiff in an amount to be determined at trial, and such damages will continue to increase unless Defendant is enjoined from its wrongful acts and infringement.

34.     Defendant's acts complained of herein have caused Plaintiff to suffer irreparable injury to its business. Plaintiff will suffer substantial loss of goodwill and reputation unless and until Defendant is preliminarily and permanently enjoined from the wrongful acts complained of herein.

## FIRST CLAIM FOR RELIEF

(Copyright Infringement Under 17 U.S.C. §§ 501 et seq.)

35.     Plaintiff hereby repeats, realleges, and incorporates by reference Paragraphs 1 – 34 of this Complaint as though fully set forth herein.

36.     This is an action for direct, contributory, and vicarious copyright infringement under the Copyright Act, 17 U.S.C. §§ 501, et seq.

37.     Plaintiff is the owner of valid and enforceable copyrights in the Masar Rug Design, which contains copyrightable subject matter under 17 U.S.C. §§ 101, et seq.

38.     Plaintiff has complied with the registration requirements of 17 U.S.C. § 411(a) for the Masar Rug Design, and has obtained Copyright Registration No. VA0002194689.

39.     Defendant has unlawfully copied protected elements of the Masar Rug Design.

40.     Upon information and belief, Defendant had access to the Masar Rug Design at least because Plaintiff delivered a sample of the Masar Rug Design to RVD, and Plaintiff

9
COMPLAINT

has displayed the Masar Rug Design on its website and social media pages.

41. Without permission from Plaintiff, Defendant has directly infringed the Masar Rug Design by distributing, displaying, and reproducing identical and substantially similar designs bearing protected elements of the Masar Rug Design.

42. Defendant is also contributorily and vicariously liable for the acts of copyright infringement by Defendant's manufacturers, distributors, and retailers.

43. Upon information and belief, Defendant has direct control over and monitors the website, advertising and marketing materials it provides to customers.

44. Defendant also profits directly from the sale of the Infringing Rug Design that infringes the Masar Rug Design because Defendant receives proceeds from each sale.

45. Defendant's deliberate copying of the Masar Rug Design infringes and continues to infringe the Masar Rug Design in violation of 17 U.S.C. § 501(a). Defendant is directly infringing on Plaintiff's exclusive right to reproduce, display, distribute, and make derivative works of, the Masar Rug Design under 17 U.S.C. §§ 106(1)–(3), (5).

46. Upon information and belief, Defendant's infringement has been willful and deliberate.

47. Defendant, by its actions, has damaged Plaintiff in an amount to be determined at trial.

48. Defendant, by its actions, has irreparably injured Plaintiff. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

(Unfair Competition Under California Bus. & Prof. Code §§ 17200 et seq.)

49. Plaintiff hereby repeats, realleges, and incorporates by reference Paragraphs 1 – 48 of this Complaint as though fully set forth herein.

50.     This is an action for unfair competition under California Business & Professions Code §§ 17200, et seq.

51.     By virtue of the acts complained of herein, Defendant has intentionally caused a likelihood of confusion among consumers and the public and has unfairly competed with Plaintiff in violation of Cal. Bus. & Prof. Code §§ 17200, et seq.

52.     Defendant's acts complained of herein constitute unfair competition which have injured and damaged Plaintiff.

53.     Defendant, by its actions, has irreparably injured Plaintiff. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF

(California Common Law Unfair Competition)

54.     Plaintiff hereby repeats, realleges, and incorporates by reference Paragraphs 1 – 53 of this Complaint as though fully set forth herein.

55.     This is an action for unfair competition under the common law of the State of California.

56.     Defendant's acts complained of herein constitute unfair competition under the common law of the State of California.

57.     By virtue of the acts complained of herein, Defendant has willfully and intentionally caused a likelihood of confusion among the purchasing public in this Judicial District and elsewhere, thereby unfairly competing with Plaintiff in violation of the common law of the State of California.

58.     Defendant's aforementioned acts have damaged Plaintiff in an amount to be determined at trial.

59.     Defendant has irreparably injured Plaintiff. Such irreparable injury will

continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

60.     Defendant's willful acts of unfair competition under California common law constitute fraud, oppression and malice. Accordingly, Plaintiff is entitled to exemplary damages pursuant to Cal. Civ. Code § 3294(a).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.     That the Court render a final judgment in favor of Plaintiff and against Defendant on all claims for relief alleged herein;

2.     That the Court render a final judgment that Defendant has violated 17 U.S.C. § 501(a) by directly, contributorily, and/or vicariously infringing the Masar Rug Design;

3.     That the Court render a final judgment that Defendant has violated the provisions of California Business & Professions Code §§ 17200, et seq. by unfairly competing with Plaintiff;

4.     That the Court render a final judgment that Defendant has violated California common law by unfairly competing with Plaintiff;

5.     That Defendant, its agents, servants, employees, attorneys, successors, and assigns, and all other persons in active concert or participation with Defendant who receive actual notice of the injunction by personal service or otherwise, be forthwith preliminarily and permanently enjoined from:

        a.   using the Masar Rug Design and Infringing Rug Design in connection with Defendant's products or other products offered for sale or sold by Defendant using the Masar Rug Design and Infringing Rug Design in advertising or promoting Defendant's products or other products offered by Defendant, and/or using confusingly similar variations of the Masar Rug Design or Infringing Rug Design, in any manner that is likely to create the impression

12
COMPLAINT

that Defendant's products originate from Plaintiff, are endorsed by Plaintiff, or are connected in any way with Plaintiff;

b.  manufacturing, distributing, shipping, importing, reproducing, displaying, advertising, marketing, promoting, transferring, selling, and/or offering to sell any unauthorized products bearing or using the Masar Rug Design and Infringing Rug Design or any designs substantially similar thereto;

c.  without permission or authorization from Plaintiff, copying, reproducing, distributing, displaying, creating derivative works of the Masar Rug Design or Infringing Rug Design and/or importing, manufacturing, or producing any products bearing copies or derivative works of the Masar Rug Design or Infringing Rug Design;

d.  filing any applications for registration of any trademarks, trade dress, copyrighted works, or designs substantially similar to the Masar Rug Design or Infringing Rug Design;

e.  otherwise infringing the Masar Rug Design;

f.  falsely designating the origin of Defendant's products in any manner suggesting that Defendant's products originate from Plaintiff;

g.  unfairly competing with Plaintiff in any manner whatsoever; and

h.  causing a likelihood of confusion or injury to Plaintiff's business reputation.

6.    That Defendant be required to account to Plaintiff for any and all profits derived by Defendant and all damages sustained by Plaintiff by virtue of Defendant's acts complained of herein;

7.    That Defendant be ordered to pay over to Plaintiff all damages which Plaintiff has sustained as a consequence of the acts complained of herein, subject to proof at trial, together with prejudgment and post-judgment interest;

8.    That Plaintiff be awarded statutory damages pursuant to 17 U.S.C. § 504.

13
COMPLAINT

Alternatively, if Plaintiff elects, that Plaintiff be awarded its damages and Defendant's profits under 17 U.S.C. § 504, as well as enhanced damages pursuant to 17 U.S.C. § 504;

9.    That Plaintiff be awarded its damages and Defendant's profits pursuant to Cal. Civ. Code § 3344 or in the alternative statutory damages pursuant to Cal. Civ. Code § 3344;

10.    That Plaintiff be awarded exemplary damages from Defendant pursuant to Cal. Civ. Code. § 3294;

11.    That Defendant's actions be deemed willful;

12.    That an award of reasonable costs, expenses, and attorneys' fees be awarded to Plaintiff pursuant to 17 U.S.C § 505 and Cal. Civ. Code § 3344(a);

13.    That Defendant be required to deliver and destroy all products, devices, literature, advertising, goods and other unauthorized materials bearing the Masar Rug Design or Infringing Rug Design pursuant to 17 U.S.C. § 503; and

14.    That Plaintiff be awarded such other and further relief as this Court may deem just.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

COMPLAINT

Respectfully submitted,
**AESTHETIC LEGAL, APLC**

Dated: November 5, 2021          By:   */s/* Matthew Swanlund

Matthew Swanlund
8055 W Manchester Ave, Suite 310
Playa del Rey, California 90293
Telephone: (310) 301.4545


Attorney for Plaintiff
ENL Enterprises LLC,
a California limited liability company

COMPLAINT